# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1754

_____

Ricky Rodgers,                            *
                                          *
            Appellant,                    *
                                          *  Appeal from the United States
      v.                                  *  District Court for the
                                          *  Eastern District of Missouri.
Maco Management Co., Inc.; Janet          *
Milam, in her individual and official     *
capacity, Property Manager; Jason         *      [UNPUBLISHED]
Maddox, in his individual and official    *
capacity, Manager; Shelia Cobb, in her    *
individual and official capacity,         *
Assistant Property Manager,               *
                                          *
            Appellees.                    *

_____

Submitted: February 22, 2007
Filed: February 27, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Ricky Rodgers appeals the district court's[1] adverse grant of summary judgment in his suit against his former employer, Maco Management Co., Inc. (Maco), and

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

several Maco employees (collectively, defendants), alleging race and sex discrimination under Title VII and violation of his Fourteenth Amendment due process rights. We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to Rodgers. See Kratzer v. Rockwell Collins, Inc., 398 F.3d 1040, 1043 (8th Cir. 2005) (standard of review).

We conclude that the district court properly dismissed Rodgers's race discrimination claim because he failed to raise such a claim in his administrative charge. See Shannon v. Ford Motor Co., 72 F.3d 678, 684-86 (8th Cir. 1996) (although pro se charges of discrimination are construed liberally, court may not create claim not made administratively; rejecting discrimination claim as administratively unexhausted where claim was not related to administrative charge). We also agree with the district court that Rodgers did not present a triable sex discrimination claim, despite his disparate treatment theory, because Maco proffered a non-discriminatory reason for dismissing Rodgers (his refusal to perform work) and Rodgers failed to create a genuine issue of fact as to whether that proffered reason was a pretext for sex discrimination: the female employee with whom he compared himself was not similarly situated in all relevant respects. See Pope v. ESA Servs., Inc., 406 F.3d 1001, 1009 (8th Cir. 2005) (pretext may be demonstrated with evidence that similarly situated employees outside of protected class received more favorable treatment). To the extent Rodgers maintains that it was unfair for Maco to terminate him for refusing to perform independent contract work beyond his regular employment duties, we note that unfair treatment per se does not give rise to a Title VII cause of action. See Johnson v. Ready Mixed Concrete Co., 424 F.3d 806, 812 (8th Cir. 2005) (while plaintiff may present "a sympathetic situation in which the employer's judgment in imposing discipline may appear poor or erroneous to outsiders," court's role in Title VII case is to consider whether adverse employment action was based upon protected factor, not whether action was unduly harsh).

Finally, because Maco is undisputedly a private, non-governmental employer, we hold that the district court correctly dismissed Rodgers's Fourteenth Amendment due process claim. <u>See</u> <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 349-50 (1974) (private action not subject to the Fourteenth Amendment's due process protections); <u>United States v. Reyes</u>, 87 F.3d 676, 680 (5th Cir. 1996) ("[T]he governmental employer is subject to certain constitutional due process restrictions in terminating employees having a property interest in their positions, restrictions that are not constitutionally imposed on the private employer.").

Accordingly, we affirm.

_____